ARTHUR V. BRIESEN, APPELLANT, *v.* THE LONG ISLAND RAILROAD COMPANY, RESPONDENT.

*Railroad company — is not liable for consequential damages caused by its lawful use of its premises.*

Where a railroad company has acquired title to the interior of a block in a city and uses the same as a depot for passengers and freight and a yard for the accommodation of incoming and outgoing trains, and such drilling operations as are absolutely necessary to the proper transaction of its business, using due skill and care and all the appliances and machinery required by law, it is not liable to the owner of abutting property for the injury and damages which may be caused thereto by such use.

*Bellemont and Ohio Company* v. *Fifth Baptist Church* (27 Alb. Law Jour., 488 [Sup. Ct., U. S.]), not followed.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*Frederic B. Jennings,* for the appellant.

*Hinsdale & Sprague,* for the respondent.

DYKMAN, J.:

The plaintiff in this action is the owner of certain premises consisting of a dwelling-house and lot of land in the city of Brooklyn, and the defendant has become the owner of the interior of the block in the rear of his premises and laid tracks thereon, and uses the same for a drilling yard in such a way as to annoy the plaintiff in the use of his property and depreciates its value.

This action was commenced to recover damages for the injury and restrain the defendant from operating its trains on its lot. It is found as a fact that the defendant's use of its lot interferes with the beneficial use of the plaintiff's premises, and is a disturbance and injury thereto. But it is also found that such use of the premises is confined entirely to the ordinary operation and maintenance of a depot for passengers and freight, and a yard for the accommodation of incoming and outgoing passenger and freight trains, and to such drilling operations as are absolutely necessary to the proper

transaction of such business, and to no other use or purpose whatever. That such use and occupation of the premises are and have been confined to what is necessary in the due, ordinary and skillful management of the railroad business and the proper accommodation of the public; and that the defendant, in the conduct of its railroad business at this point, has used and is using all due skill and care with a proper regard for the neighboring property, and is using all appliances and machinery required by law.

It is also found that the defendant has lawful right and authority to do all it has done on its premises, and there is sufficient documentary and other proof to establish all these findings. We must, therefore, inquire whether any liability has been incurred by reason of the facts so founded. The defendant is a railroad corporation invested by law with power to own and operate a railroad, and to do all necessary acts and things necessary and proper to that end, and is exempt from liability for injuries necessarily resulting from such legitimate and proper use.

It may be stated, as a general rule of law in this State, that what is done by the sanction of the State under legislative authority is completely justified when done without negligence or fault. (*Radcliff's Executors* v. *The Mayor*, 4 Comst., 195.) It was decided in that case that where persons are authorized by the legislature to do certain things they are not responsible for consequential damages where they act with prudence and care.

In no proper or strict sense can this railroad be termed a nuisance, when managed without negligence or willful misconduct. Its con struction was authorized by sovereign power for purposes of public utility, and its operation is lawful because it is in pursuance of a statutory license. So long as it is kept within the scope of the powers granted to it, it is protected from all legal proceedings. This remark, however, is subject to the qualification that the resulting injury arises as a natural result of the exercise of the statutory authority. In the case of *Bellemont and Ohio Company* v. *Fifth Baptist Church* (27 Alb. Law Jour., 488) the Supreme Court of the United States laid down a different rule of law; but as we understand the law to be settled in the courts of this State, as we have stated it here, we feel bound to follow our own rule until

our highest appellate court shall declare a different rule. Our consideration of the case leads to an affirmance of the judgment.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.